## No. 27345

## The People of the State of Colorado v. Dennis L. Blewitt

(563 P.2d 1)

Decided February 18, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edwin L. Felter, Jr., Assistant, for The People of the State of Colorado.

Charles S. Vigil, for attorney-respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Mr. Blewitt, you stand before the Supreme Court of Colorado today to be publicly censured for your conduct in representing a client in a manner which was contrary to the high standards of conduct required of lawyers.

The grievance committee of this court conducted a formal hearing on a complaint filed against you by a former client. You appeared at this hearing in person and were represented by counsel. Based upon all the evidence presented, the grievance committee made findings of fact which support the allegations of the complaint made against you. It concluded that you were guilty of gross negligence in connection with the matters entrusted to you by your former client.

You have been furnished a copy of the report of the grievance committee and you have been notified of this court's decision that a public censure is the proper disciplinary action in this case. You have filed no exceptions, and your attorney has advised this court that you did not wish to file any exceptions to the report or to the administering of a public censure.

■ According to the findings of fact, Mr. John N. Hatfield initially contacted you in June 1974 regarding three pending cases in which court action had been initiated against three different defendants. At this time, Mr. Hatfield left these case files and other documents with you for the purpose of review. Discussion was had regarding your representation of Mr. Hatfield in connection with the prosecution of these cases on his behalf. Thereafter, your course of conduct indicated an attorney-client relationship with Mr. Hatfield. The opposing attorneys in each of the cases had been contacted by you. Pretrial proceedings and trial dates had been set. Because of your total neglect in these cases, they were dismissed without prejudice when you failed to appear for *pretrial proceedings* or for trial. One of the cases was later salvaged by the appearance of other counsel and eventually settled.

The grievance committee found that an attorney-client relationship between you and Mr. Hatfield was established and that you failed in your duty and responsibility to your client with respect to these cases. The grievance committee also found that the evidence proved clearly and convincingly that you were guilty of gross negligence in the handling of the cases entrusted to you by Mr. Hatfield. We approve and adopt these findings.

The legal profession has set for itself a high standard of professional ethics. Your utter lack of responsibility in this matter shows a significant disrespect for your profession and its high standards. We hold that you have flagrantly violated your oath as an attorney and that you are fully deserving of this disciplinary action.

Mr. Blewitt, you are publicly censured for your dereliction of duty to your former client. You are also solemnly warned that any repetition of such conduct by you in representing any client, or any breach of your duty as a lawyer, will be cause for the imposition of a more severe disciplinary action against you. We sincerely hope and trust that it will never again be necessary for this court to discipline you.

Mr. Blewitt, you are ordered to pay the costs of these proceedings in the sum of $80.14. This amount is to be paid by you to the Clerk of this court within thirty (30) days of this date.